<u>SEALED</u>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 JUN -8 AM 8:32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § MIGUEL ANGEL TREVINO § MORALES(1) §   aka "40" § OSCAR OMAR TREVINO MORALES(2) §   aka "42" § JOSE TREVINO-MORALES(3) § ZULEMA TREVINO(4) § CARLOS MIGUEL NAYEN § BORBOLLA(5) §   aka "Carlito, aka, Pilotos" § FRANCISCO COLORADO CESSA(6) § FERNANDO SOLIS GARCIA(7) §   aka Freddy § SERGIO ROGELIO GUERRO RINCON(9) §   aka "El Negro" § ADAN FARIAS(10), § § Defendants. § | CRIMINAL NO. A-12-CR-210-SS |

**UNITED STATES OF AMERICA'S *EX PARTE* MOTION FOR
PROTECTIVE ORDER REGARDING THE WELL-BEING AND AVAILABILITY
OF CERTAIN HORSES**

Comes now Plaintiff, United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and respectfully moves the Court for an Order, requiring **MIGUEL ANGEL TREVINO MORALES(1), OSCAR OMAR TREVINO MORALES(2), JOSE TREVINO-MORALES(3), ZULEMA TREVINO(4), CARLOS MIGUEL NAYEN BORBOLLA(5), FRANCISCO COLORADO CESSA(6), FERNANDO SOLIS GARCIA(7), SERGIO ROGELIO GUERRO RINCON(9),**

**ADAN FARIAS(10)**, and/or their designated representatives, to maintain the well-being and availability of the Subject Horses, described in detail below. The instant motion is filed pursuant to 21 U.S.C. § 853(e)(1)(A) and 18 U.S.C. § 982(b)(1) for the purpose of protecting and preserving the value and availability of the Subject Horses for criminal forfeiture. In support thereof, the United States would show the Court the following:

### I.

On May 30, 2012, the grand jury returned an Indictment (Doc. 1) under seal in the instant cause against **MIGUEL ANGEL TREVINO MORALES(1), OSCAR OMAR TREVINO MORALES(2), JOSE TREVINO-MORALES(3), ZULEMA TREVINO(4), CARLOS MIGUEL NAYEN BORBOLLA(5), FRANCISCO COLORADO CESSA(6), FERNANDO SOLIS GARCIA(7), SERGIO ROGELIO GUERRO RINCON(9), ADAN FARIAS(10)**, and others involved in a money laundering operation that utilized the purchasing, training, breeding, boarding, and upkeep of quarter horses. The Indictment included the United States of America's Notice of Demand for Forfeiture, which sought the forfeiture of the following horses (emphasis added):

    A.    Quarter Horse TEMPTING DASH, asset of MIGUEL ANGEL TREVINO MORALES (1), OSCAR OMAR TREVINO MORALES (2), and their nominees, JOSE TREVINO-MORALES (3) and ZULEMA TREVINO (4) operating under various names to include TREMOR ENTERPRISES, TREMOR ENTERPRISES LLC, ZULE FARMS, and 66 LAND LLC;

    B.    Quarter Horse MR. PILOTO, asset of MIGUEL ANGEL TREVINO MORALES (1), OSCAR OMAR TREVINO MORALES (2), and their nominees, JOSE TREVINO-MORALES (3) and ZULEMA TREVINO (4) operating under various names to include TREMOR ENTERPRISES, TREMOR ENTERPRISES LLC, ZULE FARMS, and 66 LAND LLC;

    C.    Quarter Horse DASHIN FOLLIES, asset of MIGUEL ANGEL TREVINO

MORALES (1), OSCAR OMAR TREVINO MORALES (2), and their nominees, JOSE TREVINO-MORALES (3) and ZULEMA TREVINO (4) operating under various names to include TREMOR ENTERPRISES, TREMOR ENTERPRISES LLC, ZULE FARMS, and 66 LAND LLC;

D.      Quarter Horse CORONITA CARTEL, asset of MIGUEL ANGEL TREVINO MORALES (1), OSCAR OMAR TREVINO MORALES (2), and their nominees, JOSE TREVINO-MORALES (3) and ZULEMA TREVINO (4) operating under various names to include TREMOR ENTERPRISES, TREMOR ENTERPRISES LLC, ZULE FARMS, and 66 LAND LLC;

E.      Quarter Horse SEPARATE FIRE, asset of MIGUEL ANGEL TREVINO MORALES (1), OSCAR OMAR TREVINO MORALES (2), and their nominees, JOSE TREVINO-MORALES (3) and ZULEMA TREVINO (4) operating under various names to include TREMOR ENTERPRISES, TREMOR ENTERPRISES LLC, ZULE FARMS, and 66 LAND LLC;

F.      Any and all assets to include **horses**, farm and ranch equipment, and horse racing equipment under the control of JOSE TREVINO-MORALES (3) and ZULEMA TREVINO (4) operating under various names to include TREMOR ENTERPRISES, TREMOR ENTERPRISES LLC, 66 LAND LLC, ZULE FARMS LLC, and their nominees;

G.      Any and all assets to include **horses**, farm and ranch equipment, and horse racing equipment under the control of FERNANDO SOLIS GARCIA (7), GARCIA BLOODSTOCK & RACING LLC, BONANZA RACING STABLES LLC, and their nominees;

H.      Any and all assets to include **horses**, farm and ranch equipment, and horse racing equipment under the control of CARLOS MIGUEL NAYEN BORBOLLA (5) and FRANCISCO COLORADO CESSA (6) operating under various names to include CARMINA LLC and their nominees; and

I.      Any and all assets to include **horses**, farm and ranch equipment, and horse racing equipment under the control of ADAN FARIAS (10) operating under LA HORSES INC.

II.

The United States estimates that this Notice of Forfeiture affects approximately 425 horses.[1] Of those, on June 6, 2012, the United States secured seizure warrants for forty-one (41) specific horses, which were deemed to be the most valuable and, therefore, the most susceptible to theft or removal to Mexico.[2] Those horses not subject to seizure warrants, yet included in the Notice of Demand for Forfeiture, are the subject of the instant motion and are herein defined as the "Subject Horses." The majority of the Subject Horses are living on a ranch located at **17840, 17850, and 17860 84th Street, Lexington, Cleveland County, Oklahoma** (hereinafter, the "Subject Real Property").[3]

The United States informs the Court that the Subject Horses are currently being cared for by the Defendants and their associates. The United States has not received any information indicating that the horses have been malnourished or otherwise abused. The investigation has revealed that the Defendants have, to date, maintained the animals according to industry practice. Therefore, the United States asserts that requiring the Defendants and/or their designees to continue to maintain the well-being and availability of the Subject Horses would not cause an undue hardship.

III.

The United States requests the protective order at issue *ex parte,* before the unsealing of the

---

[1]The United States advises the Court that it intends to file a Bill of Particulars naming each horse that is subject to forfeiture as soon as an inventory is available.

[2]The affidavit in support of the Seizure Warrants is attached as Exhibit A.

[3]A complete legal description of the Subject Real Property is included in the Notice of Demand for Forfeiture in the above-described Indictment.

indictment, so that the Defendants named herein can be served with copies of the protective order at the time of their arrests. As is clear from the allegations in the Indictment, the Defendants in the instant cause are linked directly with the Los Zetas Cartel. As such, it is possible that shortly after arrest, the Defendants would order their associates to forcibly remove some or all of the Subject Horses to Mexico or otherwise dispose of them. The United States intends to prevent this action by acquiring the requested protective order.

## IV.

Title 21 U.S.C. § 853(e)(1)(A) in pertinent part states that:

(e) **Protective orders**

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--
>
> > (A)   upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

## V.

The United States advises the Court that in the event of the conviction of **MIGUEL ANGEL TREVINO MORALES(1), OSCAR OMAR TREVINO MORALES(2), JOSE TREVINO-MORALES(3), ZULEMA TREVINO(4), CARLOS MIGUEL NAYEN BORBOLLA(5), FRANCISCO COLORADO CESSA(6), FERNANDO SOLIS GARCIA(7), SERGIO ROGELIO**

**GUERRO RINCON(9),** and **ADAN FARIAS(10)**, the Subject Horses will be subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) for violations of 18 U.S.C. § 1956(h). Specifically, the United States alleges that the Subject Horses were directly involved in the money laundering violations perpetrated by **JOSE TREVINO-MORALES(3)** and his codefendants.

### VI.

The United States advises the Court that the purpose of the instant motion is to protect and preserve the value and availability of the Subject Horses for criminal forfeiture. Therefore, the United States moves that **MIGUEL ANGEL TREVINO MORALES(1), OSCAR OMAR TREVINO MORALES(2), JOSE TREVINO-MORALES(3), ZULEMA TREVINO(4), CARLOS MIGUEL NAYEN BORBOLLA(5), FRANCISCO COLORADO CESSA(6), FERNANDO SOLIS GARCIA(7), SERGIO ROGELIO GUERRO RINCON(9), ADAN FARIAS(10),** and/or their designated representatives be ordered to do the following:

1) To be required to provide adequate food and water, based on industry practices, to the Subject Horses;

2) To be required to provide adequate living conditions, including but not limited to shelter and room for exercise, based on industry practices, for the Subject Horses;

3) To be required to provide adequate veterinarian care, including but not limited to any care required for pregnant horses, based on industry practices, for the Subject Horses;

4) To be required to provide adequate farrier care, based on industry practices, for the Subject Horses;

5) To be required to provide an inventory of the Subject Horses to the Internal Revenue Service

that would include a designation of each horse's owner(s), which shall be completed within three days of receipt of the order;

6) To be prohibited from transporting any of the Subject Horses currently not living on the Subject Real Property to anywhere other than the Subject Real Property;

7) To be prohibited from transporting any of the Subject Horses who are currently living on the Subject Real Property away from the Subject Real Property;

8) To be prohibited from transporting any ranch and/or horse equipment[4] that could be used to provide care for the Subject Horses away from the Subject Real Property;

9) To be prohibited from transferring any ownership interests in the Subject Horses to any entity or person other than the United States of America;

10) To be prohibited from terminating, killing, or in any way disposing of any of the Subject Horses or taking any action that would lead to the terminating, killing, or disposing of any of the Subject Horses;

11) To allow the Internal Revenue Service, the Federal Bureau of Investigation, and/or their designated representatives to conduct a complete inventory at any time as to the Subject Horses and any ranch and/or horse equipment;

12) To allow the Internal Revenue Service and/or its designated representative to have access to any and all veterinarian records; and

13) To allow the Internal Revenue Service and/or its designated representative entrance onto any portion of the Subject Real Property and/or any other property controlled by the Defendants named

---

[4]Under the Notice of Demand for Forfeiture included in the Indictment, ranch and horse equipment are subject to forfeiture. The United States intends to forego seizing this equipment, however, so that it can be utilized for maintaining the well-being of the Subject Horses.

herein at any time in order to inspect the living conditions and general well-being of the Subject Horses.

The United States also asks that the order specify that each Defendant named herein shall be responsible for the horses which he/she owns, to include horses owned by companies owned and/or controlled by the Defendants, to include: Tremor Enterprises; Tremor Enterprises, LLC; Zule Farms; 66 Land, LLC; Garcia Bloodstock & Racing, LLC; Bonanza Racing Stables, LLC; Carmina, LLC; and LA Horses, Inc.

The Internal Revenue Service and/or its designated representatives in turn shall record this Protective Order in the Official Records of Cleveland County, Oklahoma; and also make available the Protective Order at the Subject Real Property.

## VII.

The purpose of this motion is not to cause undue hardship upon any individual or entity. The United States urges this Motion in good faith and for good cause, and for the purpose of protecting and preserving the value and availability of the Subject Horses for criminal forfeiture, pursuant to 21 U.S.C. § 853(e). The United States further urges at this time that the need to preserve said property outweighs the hardship on any party against whom the order is to be entered.

WHEREFORE, premises considered, the United States prays that the Court grant this motion, ordering that **MIGUEL ANGEL TREVINO MORALES(1), OSCAR OMAR TREVINO MORALES(2), JOSE TREVINO-MORALES(3), ZULEMA TREVINO(4), CARLOS MIGUEL NAYEN BORBOLLA(5), FRANCISCO COLORADO CESSA(6), FERNANDO SOLIS GARCIA(7), SERGIO ROGELIO GUERRO RINCON(9), ADAN FARIAS(10)**, and/or their designated representatives be required to maintain the well-being and availability of the Subject Horses.

Such an order will preserve the Subject Horses for criminal forfeiture.

In light of the fact that the Indictment in this case is currently sealed, the United States also moves that this document be sealed until further order of this Court.

                                                  Respectfully submitted,

                                                  Robert Pitman
                                                  United States Attorney

By: _____
       JENNIFER S. FREEL
       Assistant U. S. Attorney
       816 Congress Avenue, Ste. 1000
       Austin, Texas 78701
       512/916-5858
       State Bar No. 24051327