**FILED**
AUG 2 8 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA

-vs-                                                      CAUSE NO. A-12-CR-210-SS

JOSE TREVINO-MORALES (3)
ZULEMA TREVINO (4)
CARLOS MIGUEL NAYEN BORBOLLA (5)
FRANCISCO ANTONIO COLORADO CESSA (6)
FERNANDO SOLIS GARCIA (7)
ADAN FARIAS (10)
EUSEVIO MALDONADO HUITRON (11)
FELIPE ALEJANDRO QUINTERO (13)
RAUL RAMIREZ (14)

## ORDER

On May 30, 2012, a sealed indictment initiated the filing of this lawsuit. In early June, certain defendants were arrested and certain defendants became fugitives. In addition. the United States sought and obtained custody of hundreds of horses of reported value. It is represented by the United States Attorney that this case and its investigation has been in progress for a substantial period of time and that the discovery is massive, including months and months of wire tap recorded conversations in multiple languages. When the above-named defendants had all been arraigned and were represented, the Court held a scheduling/status conference on July 25, 2012. All defendants named above were represented by counsel in the courtroom and all defendants were present or had been lawfully excused from being present. A description of the discovery had already been presented to some defense counsel and was presented to the remaining counsel; and the additional discovery and approximate dates when that discovery would be deliverable were made. It was tentatively decided counsel would need at least until the latter part of October to prepare for the trial of this case

on behalf of their clients. A trial date of October 22, 2012 was selected, notwithstanding the Court being advised by certain counsel that this date may well conflict with their earlier settings in various courts. On the day after the scheduling conference, counsel for Carlos Miguel Nayen Borbolla (5) filed his "Motion to Reset Trial Date and Notice of Conflict," advising he had a three-week criminal trial beginning October 22, 2012 (for which he had received notice on June 13, 2012) in the Southern District of Florida. This motion for continuance was supported by counsel for Zulema Trevino (4) and Adan Farias (10).

Subsequently, on August 10, 2012 counsel for Jose Trevino Morales (3) filed an "Unopposed Motion for Continuance" representing the United States Attorney had provided multiple discs of discovery on August 2, 2012; that additional discovery was forthcoming; and that he was preparing for a trial scheduled to begin on September 10, 2012 in the Southern District of Texas involving one of the remaining cases in the Stanford Financial criminal matters. Filed motions also notified the Court that counsel for Zulema Trevino (4) has a specially set, multi-week trial in the Southern District of Mississippi beginning on October 22, 2012, and this setting was made prior to this case. These lawyers seeking continuances represented they needed at least two months or more for the preparation of trial in this case. However, counsel for Zulema Trevino (4) could not agree to any trial after February 11, 2012 for personal reasons.

The United States Attorney advises that counsel's assessment as to the amount of information and discovery tendered could well justify more than an additional two months of preparation—even for lawyers who are not troubled by intervening trials—is an accurate assessment.

In addition to five out of nine defendants, through counsel, seeking a continuance, the Court has another substantial problem. The Austin federal courthouse built in 1931 is to be closed and the entire contents of four floors and a basement of the present courthouse—including four judges'

chambers, U.S. District Clerk's Office, probation operations, courtrooms, security holds, U.S. Marshals Office, other federal government offices, electronics, open files, sealed files, closed files, and all furnishings—are to be moved into a completely new courthouse at a different location between the dates of November 15, 2012 and December 15, 2012. The undersigned is advised it would be impossible to conduct this criminal trial under these circumstances during that period of time.

Finally, this record reflects counsel for the defendant Francisco Antonio Colorado Cessa (6) has a specially set a capital murder case in Colorado on January 7, 2013. That case is anticipated to proceed for two to three weeks. It also was set prior to this case.

The remaining four defendants, through counsel, have neither affirmed nor denied that additional time is necessary for the preparation of this case or have conflicting schedules.

This Court has prior settings which will also result in an extended period of trial time. Causes 12-CR-102, United States v. Yassine, et al.; 12-CR-103, United States v. Derder, et al.; 12-CR-104, United States v. Yassine, et al.; and 12-CR-105, United States v. Yassine, et al. are also celebrated cases with substantial public exposure. These related cases with nine defendants, some involved in multiple cases, begin with jury selection on October 1, 2012. These cases could take from two weeks to the entire month for trial.

Therefore, counsel in this case then have conflicts running up to the November 15 date and after December 15, 2012. Consequently, the first practical time setting seemingly available would be January of 2013, but counsel for Francisco Antonio Colorado Cessa has the previously set capital murder case in a rural area of Colorado where special preparations have been made for the trial of that case.

Finally, the undersigned has a previously set fifteen-defendant criminal case (12-CR-234) in February 2013, which is estimated to try in two to three weeks. This case is also the result of wire taps taken over many months involving about the same or identical discovery and, therefore, investigation and preparation as this case. This case setting was also prior in time to this one.

IT IS THEREFORE ORDERED as follows:

All motions concerning matters not covered by the standing order previously entered must be filed on or before **January 4, 2013.** The responses to said motions shall be filed by **January 15, 2013.**

IT IS ORDERED this case is SET FOR HEARING on all pending motions and for status conference at **9:00 a.m. on Friday, January 25, 2013**, in Courtroom 2, United States Courthouse, 501 West Fifth Street, Austin, Texas. Please note: if a plea agreement is filed prior to this date, it will be heard on this date in lieu of the motions and/or status conference.

The plea agreement deadline pursuant to Federal Rules of Criminal Procedure 11(e)(5) and the holding of the Fifth Circuit Court of Appeals in United States v. Ellis, 547 F.2d 863 (5th Circuit 1977), is that any plea bargain or plea agreement entered into by the parties in this case shall be made known in writing to this Court on or before **January 18, 2013.** No plea bargain or plea agreement entered into after this date shall be honored by this Court without good cause shown for delay.

IT IS FURTHER ORDERED this case is SET FOR JURY SELECTION on **March 4, 2013 at 9:00 a.m.** in Courtroom 2, United States Courthouse, 501 West Fifth Street, Austin, Texas, and trial immediately thereafter. Any further pretrial matters not disposed of at the motions hearing will be determined at 8:30 a.m. on this date.

IT IS FURTHER ORDERED that all pending motions to continue are GRANTED. Pursuant to the Speedy Trial Act, 18 U.S.C. 3161(h)(8)(A), the Court finds that the ends of justice served by allowing the defendants additional time for pretrial preparation outweighs the best interest of the public and the defendants in a speedy trial. The Court's basis for said finding is that the failure to grant such a continuance in this case would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, the large amount of discovery to review, and the difficulty of accommodating the schedules of the many attorneys involved. See 18 U.S.C. 3161(h)(7). In addition, to comply with the problems of this trial setting as set out in this order precludes any earlier available and meaningful trial setting guaranteeing each defendant's right to be represented by counsel of choice. Thus, the Court finds that the time between July 26, 2012 and the new trial setting of March 4, 2013 is excludable under the Speedy Trial Act, 18 U.S.C. 3161(h).

IT IS FINALLY ORDERED that counsel for each defendant shall notify the defendant of all Court settings and, if the defendant is on bond, advise the defendant that he must be present on the date and time specified in this Order.

SIGNED this the 28th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE