IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOSE TREVINO-MORALES,
          Movant,

-vs-

UNITED STATES OF AMERICA,
          Respondent.

Case No. A-16-CA-218-SS
[No. A-12-CR-210(3)-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Jose Trevino-Morales's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#1056], Respondent United States of America (the Government)'s Response [#1064] in opposition, and Trevino-Morales's Reply [#1068] in support. The Court also reviewed Trevino-Morales's Motion for Leave to Conduct Discovery and Have an Attorney Appointed [#1069]. Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and orders DENYING the motions.

### Background

On May 30, 2012, Trevino-Morales was named in a one-count indictment along with nineteen Defendants. Indictment [#45]. Count One of the Indictment charged Trevino-Morales and the other Defendants with Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h). *Id.* at 9–10. The conspiracy focused on a single objective: funneling profits from the activities of the Los Zetas drug cartel into the quarter horse industry in an attempt to conceal the profits originated from

unlawful activity. *Id.* at 10. Trevino-Morales pled not guilty and the case proceeded to trial. *See* Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty [#114]. Of the nineteen Defendants charged in the indictment, five Defendants, including Trevino-Morales, were tried by this Court. At trial, Trevino-Morales was represented by David M. Finn and Christie Williams.

On May 9, 2013, a jury found Trevino-Morales guilty of the offense of conspiracy to commit money laundering as charged in Count One of the Superseding Indictment. Jury Verdict [#555] at 1–2. Subsequently, Trevino-Morales filed a motion for Judgment of Acquittal after Jury Verdict. After reviewing the evidence in the light most deferential to the jury's verdict, the Court concluded the jury was presented with sufficient evidence to support its verdict of guilty as to Trevino-Morales. Order of June 20, 2013 [#557] at 3.

On September 10, 2013, this Court sentenced Trevino-Morales to a 240-month term of imprisonment followed by a three-year term of supervised release and ordered him to pay a $100 mandatory assessment. J. & Commitment [#677] at 2–3, 7. Immediately, on the same day as his sentencing, Trevino-Morales filed a notice of appeal. Appeal of Final J. [#693]. On July 7, 2015, the Court of Appeals for the Fifth Circuit affirmed Trevino-Morales's conviction and sentence, finding there was sufficient evidence to support both. *United States v. Cessa,* 785 F.3d 165, 180–81, 188–89 (5th Cir. 2015). Trevino-Morales subsequently filed a petition for writ of certiorari with the United States Supreme Court, which was denied on November 16, 2015. *Trevino Morales v. United States,* 136 S. Ct. 522, 522 (2015).

On November 9, 2016, Trevino-Morales placed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the prison mailing system, and it was timely filed. Mot.

Vacate [#1056] at 48.[1] Alleging his counsel provided ineffective assistance at trial, Trevino-Morales asks the Court to vacate or set aside his conviction. *Id.* at 4, 48. Alternatively, he asks the Court to set an evidentiary hearing on his § 2255 motion and appoint him an attorney. *Id.* at 48. The Government responded to the § 2255 motion on January 27, 2017, and Trevino-Morales filed a reply on April 6, 2017. Trevino-Morales then also filed a motion for leave to conduct discovery and have an attorney appointed.

## Analysis

### I. Motion for Leave to Conduct Discovery and Have Attorney Appointed

As an initial matter, the Court reviews Trevino-Morales's motion for leave to conduct discovery and have an attorney appointed.

There is no constitutional right to have an attorney appointed when a prisoner collaterally attacks his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). On the other hand, this Court is permitted to appoint counsel to a person seeking relief under § 2255 where "the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g). Additionally, an indigent prisoner has a statutory right to appointed counsel in § 2255 cases if an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2255 Proceedings. Because, as described below, the Court decides Trevino-Morales's § 2255 on the merits, no evidentiary hearing and thus no discovery is required. Consequently, the Court determines the interests of justice do not require the appointment of counsel for Trevino-Morales. The Court therefore DENIES Trevino-Morales's motion for leave to conduct discovery and have an attorney appointed.

---

[1] Because Trevino-Morales inserted unnumbered pages into the middle of his § 2255 motion, the Court refers to the ECF pages number when citing the § 2255 motion.

## II. § 2255 Motion

### A. Legal Standards

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith,* 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1996).

To prevail on a claim of ineffective assistance of counsel, a movant must show that (1) his counsel's performance was deficient and (2) that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

First, counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999). A court's review of

counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Strickland*, 466 U.S. at 689. Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Id.*

Second, to demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* at 312–13 (internal quotation marks omitted) (quoting Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## B. Application

Because Trevino-Morales does not carry his burden of showing his counsel's representation was deficient or there is a reasonable probability a different outcome would have been reached but for his counsel's deficient performance, the Court DENIES Trevino-Morales's § 2255 motion.

Trevino-Morales's § 2255 alleges ineffective assistance on overlapping and related grounds.[2] For clarity and simplification, the Court construes Trevino-Morales's claim of ineffective assistance of counsel as raising five main grounds: his counsel allegedly (1) charged exorbitant fees but performed minimal legal services; (2) failed to request severance of prejudicial charges and Defendants; (3) failed to object to the Superseding Indictment and committed error by referring to the Superseding Indictment

---

[2] In particular, Trevino-Morales asserts the following specific grounds for his claim of ineffective assistance of counsel: his counsel (1) "intentionally defrauded and breached his fiduciary duty[;]" (2) charged excessive fees; (3) failed to file a motion to sever the charges and Defendants under Federal Rules of Criminal Procedure 12(3)(D) and 14(a); (4) failed to object to an altered Superseding Indictment; (5) were "wholly unprepared for trial[;]" (6) erred in the opening statement by mischaracterizing the Superseding Indictment; and (7) failed to prepare for cross-examination of the Government's witnesses. *See* Mot. Vacate [1056] at 5–40.

in opening statement; (4) failed to review discovery before trial; and (5) failed to adequately cross-examine the Government's witnesses. The Court addresses each of these grounds in turn.

### 1. Exorbitant Fees and Inadequate Legal Services

Trevino-Morales claims Finn approached Trevino-Morales's family for additional funds, including a request for $50,000 for alleged witness expenses. Mot. Vacate [#1056] at 5. Yet, Trevino-Morales's attorneys called no witnesses and, according to Trevino-Morales, provided minimal legal services. *Id.* at 5–6. In essence, Trevino-Morales's allegation of ineffective assistance of counsel in this context distills to the allegation trial counsel allowed self-interest to affect trial strategy. *See id.*

The Court applies the standard from *Strickland* where it is alleged representation was affected by counsel's own self-interest. *See Beets v. Scott*, 65 F.3d 1258, 1272 (5th Cir. 1995) (finding attorney self-interest conflicts are best addressed under *Strickland*); *Schroeder v. Davis*, No. 3:15-CV-109, 2016 WL 4920977, at *5 (S.D. Tex. Sept. 15, 2016) (evaluating under *Strickland* the claim that counsel used case for personal financial benefit instead of presenting a viable defense). Thus, Trevino-Morales must show his counsel's errors fell below an objective standard of reasonableness and prejudiced his case. *Id.*

As an initial matter, the Fifth Circuit has repeatedly held claims of ineffective assistance of counsel based on complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citations omitted). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so,

set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id.*

Here, Trevino–Morales provides no evidence, beyond conclusory statements, to support his claim his attorney's performance fell below an objective standard of reasonableness. In particular, he provides no facts showing how his counsel performed poorly or supporting his claim his counsel charged excessive fees. Trevino-Morales finds fault in his counsel's decision to call no witnesses, but he names no witness his counsel should have called. Consequently, the Court has "no evidence beyond speculation" that Trevino-Morales's counsel could have found and presented witnesses at the time of trial who could have offered testimony reasonably producing a different result. *See Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (similarly concluding a movant's claim of an uncalled expert witness was unsubstantiated where there was no evidence an expert witness was available to testify at trial and would have done so). Conclusory allegations cannot bear the weight of a claim of ineffective assistance warranting collateral relief from a conviction. *See United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").[3]

### 2. Failure to Request Severance of Charges and Defendants

Trevino-Morales also claims his counsel was ineffective in failing to object to the joinder of other Defendants who had direct involvement with the Los Zetas drug cartel and in failing to request severance of these other Defendants and their charges. Mot. Vacate [#1056] at 6. Trevino-Morales

---

[3] To the extent Trevino-Morales complains of fraud by his attorneys, this is not a constitutional claim and is not valid in this context.

argues, "But for said prejudice, the trial most likely would have concluded differently[,]" as he claims the "[G]overnment's own witnesses exonerated Trevino in every instance ." *Id.*

Federal Rule of Criminal Procedure 8(b) governs the joinder of multiple Defendants and authorizes such joinder where Defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense." While the issue of misjoinder is a matter of law and completely reviewable on appeal, "[i]t is well settled that the joinder of otherwise separate acts may be allowed when the acts are properly linked by means of a conspiracy charge." *United States v. Welch,* 656 F.2d 1039, 1051 (5th Cir. 1981). Moreover, "when the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper." *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974).

Here, Trevino-Morales was indicted with other Defendants in a single count alleging conspiracy to commit money laundering. Indictment [#45]. Thus, Defendants, including Trevino–Morales, were properly joined in a single conspiracy charge as this single offense stemmed from common facts and required common evidence. *See Gentile*, 495 F.2d at 630.

While Trevino-Morales claims he should have been severed from the other Defendants, "there is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Snarr*, 704 F.3d 368, 396 (5th Cir. 2013) (citation omitted). "A district court should grant severance under [Federal Rule of Criminal Procedure] 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* A showing of prejudice to a particular defendant, however, does not require severance but leaves the tailoring of relief to be granted to a district court's

discretion. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Moreover, "compelling prejudice is not shown if it appears that, through use of cautionary instructions, the jury could reasonably separate the evidence and render impartial verdicts as to each defendant." *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986).

To succeed on his claim of ineffective assistance of counsel because his counsel failed request severance, Trevino-Morales would have to show that such a failure was unreasonable. Trevino-Morales has not met this burden: he has not shown it was unreasonable for counsel's trial strategy to allow all available Defendants to be tried together. In fact, as the Defendants asserted the same defense—they were all involved in the legal business of racing, training, and breeding quarter horses—it is not unreasonable to view the collective defense as stronger. *Compare* Apr. 16, 2013 Tr. [#739] at 31:11–42:21 (opening statement by Trevino-Morales's counsel) *with id.* at 45:25–56:25 (opening statement by Colorado-Cessa's counsel) *and id.* at 57:4–69:15 (opening statement by Fernando Garcia's counsel).

Additionally, Trevino-Morales cannot show this Court's instruction to the jury did not adequately protect him from any prejudice resulting from the joint trial. *See United States v. Owens*, 683 F.3d 93, 98 (5th Cir. 2012) (emphasizing a defendant must show a jury instruction would not adequately protect him from prejudice for severance to be mandatory). The Court specifically instructed the jury that "[t]he case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant." Jury Instr. [#544] at 11. Moreover, the verdict form required the jury to make a separate finding as to the guilt of each defendant. *See* Jury Verdict [#555]. As Trevino-Morales offers no argument or evidence the limiting instruction to the jury

-9-

was insufficient to cure any risk of prejudice, he cannot show his counsel erred in failing to object to the joint trial or move for severance.

### 3. Failure to Object to Superseding Indictment

Furthermore, Trevino-Morales claims his counsel should have objected to the Superseding Indictment and committed error by contradicting the Superseding Indictment during the opening statement. Mot. Vacate [#1056] at 7–11. In support of his argument, Trevino-Morales points to the Personal Data Sheets attached to the Superseding Indictment, one of which indicates his brother Miguel Angel Trevino-Morales was in custody in Bastrop County Jail. *See* Superseding Indictment [#269-1] Ex. 1 (Personal Data Sheets) at 1. Trevino-Morales argues the Personal Data Sheets show prejudicial error occurred because they prove Miguel Angel Trevino-Morales and Oscar Omar Trevino-Morales—high ranking members of the Los Zeta drug cartel and Trevino-Morales's brothers—were in custody but were not produced for trial. Mot. Vacate [#1056] at 7. As Trevino-Morales's counsel argued the Government was prosecuting Trevino-Morales because his brothers were not available for trial in opening statement, Trevino-Morales claims such a representation is evidence his counsel was ineffective. *See* Apr. 16, 2015 Tr. [#739] at 31:18–32:1. Trevino-Morales alleges his counsel failed to investigate the information included in the Superseding Indictment and failed to object to a *Brady* violation in the Government's suppression of Miguel. *Id.*

First, it appears the information on the Personal Data Sheet attached to the Superseding Indictment indicating Miguel Angel Trevino-Morales was in custody in Bastrop County Jail was a clerical error. *See* Superseding Indictment [#269-1] Ex. 1 (Personal Data Sheets) at 1. The Personal Data Sheet attached to the original Indictment is blank as to Miguel Angel Trevino-Morales's location. Indictment [#3] Ex. 1 (Original Personal Data Sheets) at 1. Moreover, a later-filed Personal Data Sheet

is also blank as to Miguel Angel Trevino-Morales's location. Personal Data Sheet [#860]. Additionally, the Government provided an email from the Supervisor Deputy U.S. Marshall for the Austin Division of the Western District of Texas indicating that neither Miguel nor Oscar were in custody at the time of Trevino-Morales's trial. Resp. [#1064] Ex. 3 (Email from Supervisory Deputy U.S. Marshal) at 1.[4] Based on this evidence, it was not unreasonable for Trevino-Morales's counsel to conduct their strategy as if the brothers were unavailable for trial.

Second, the failure to object in itself does not establish a claim for ineffective assistance of counsel. *See United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) (citing *United States v. Kaufman*, 858 F.2d 994, 1006 (5th Cir.1988)). Additionally, a reasonable trial strategy could include declining to object to clerical errors.

Furthermore, even if Miguel and Oscar had been in custody at the time of trial, Trevnio-Morales fails to allege Miguel and Oscar would have provided any favorable or material evidence. *See United States v. Skilling*, 554 F.3d 529, 574 (5th Cir. 2009) ("To establish a *Brady* violation, a defendant must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable, such as exculpatory or impeachment evidence; and (3) the evidence was material."). Therefore, this ground of Trevino-Morales's claim of ineffective assistance has no merit.

4. **Failure to Review Discovery**

Trevino-Morales also alleges his counsel were unprepared for trial as they failed to review discovery. In support of his claim, Trevino-Morales cites a section of trial transcript where his counsel mentioned they had not an opportunity to look at materials. Mot. Vacate [#1056] at 9–10 (citing Apr.

---

[4] The Government also provided citations to media sources reporting on the arrest of Miguel and Oscar in Mexico by Mexican authorities after Trevino-Morales's trial. *See* Resp. [#1064] at 10 n.4.

16, 2015 Tr. [#739] at 7:11–23). Specifically, Trevino-Morales emphasizes how the Court indicated it had "affidavits [counsel] never even came in to look as discovery" and admonished defense counsel for failing to look at the raw discovery. *Id.* (citing Apr. 16, 2015 Tr. [#739] at 7:22–23, 8:21–9:3). Consequently, Trevino-Morales argues if his counsel had more throughly investigated the facts of his case, counsel would have been better prepared and the jurors might have found him not guilty. *Id.* at 10.

In general, counsel has the obligation to conduct "a reasonably substantial, independent investigation into the circumstances and the law from which potential defenses may be derived." *Baldwin v. Maggio*, 704 F.2d 1325, 1332 (5th Cir. 1983). The determination of whether an investigation is reasonably adequate "depend[s] upon a variety of factors, including the number of issues in the case, the relative complexity of those issues, the strength of the Government's case, and the overall strategy of trial counsel[.]" *Id.* at 1333 (citation and internal quotation marks omitted). To succeed on a claim of ineffective assistance of counsel for failure to investigate, a movant must demonstrate his attorneys' investigation efforts were inadequate and such inadequacy resulted in an actual and substantial disadvantage to the course of his defense. *Id.*

After review of the trial transcript, the Court finds no evidence Trevino-Morales's counsel were unprepared. The first section of the trial transcript cited by Trevino-Morales, where his counsel indicated it had not had sufficient time to review materials, was discussing a Government powerpoint presentation. Apr. 16, 2015 Tr. [#739] at 7:7–8:12. Trevino-Morales's counsel claimed they had not had sufficient time to review the presentation, which was prejudicial. *Id.* The Court agreed, sustaining the objection of Trevino-Morales's counsel and preventing the presentation from being shown to the jury. *Id.*

In addition, the Court's statement it had "affidavits [counsel] never even came in to look as discovery" does not appear to be addressed to Trevino-Morales's counsel. *Id.* at 7:19–25. Counsel for Trevino-Morales scheduled a specific time to review the raw discovery on behalf of her client at least two months prior to trial. *See* Resp. [#1064-5] Ex. 5 (Emails titled "boxes from SW at Jose's property"). Nor is the portion of the transcript Trevino-Morales cites where the Court admonished defense counsel for failing to examine raw discovery applicable to Trevino-Morales's counsel. Instead, the Court was addressing another defendant's counsel.[5] In short, Trevino-Morales provides no evidence his counsel's investigation efforts were inadequate.

Similarly, Trevino-Morales provides only a conclusory statement that if his counsel had been better prepared, then the jurors might have found him not guilty. *See* Mot. Vacate [#1056] at 10. He offers no evidence his counsel failed to obtain or how such evidence might have strengthened his defense. Thus, this ground for his claim of ineffective assistance of counsel is unsubstantiated.

### 5. Failure to Adequately Cross-examine the Government's Witnesses

In his final ground, Trevino-Morales claims his counsel failed to effectively attack the Government's witnesses. *Id.* at 12–40. By critiquing the individual testimony of the majority of the Government's witnesses, Trevino-Morales repeatedly questions his counsel's failure to object, the sufficiency of the evidence, and witnesses' credibility. *See, e.g., id.* at 12 (disparaging his counsel's

---

[5] Trevino-Morales cites only a section of the Court's admonishment of defense counsel. Mot. Vacate [#1056] at 10. The Court's full statement reveals that it was addressing another defendant's counsel specifically and is as follows:
> This case has been pending for almost a year, Mr. DeGeurin. Y'all are crunched because you didn't wait until the last minute to get ready, obviously, because of the motions that I'm seeing. You've had the discovery months and months. You didn't look at the raw discovery, which is your privilege, and for 30 days you've had the discovery that's going to be presented to the jury. So don't tell me you're crunched before I have one word of evidence.

Apr. 16, 2015 Tr. [#739] at 8:21–9:3.

failure to object to Court's hearsay instruction); *id.* at 18 (characterizing a witness's testimony as an unrealistic "fantasy"); *id.* at 29 (protesting that eight witnesses "offered no evidence influencing" his case).

Trevino-Morales's predominant complaints regarding his counsel's examination of the Government's witnesses do not provide a basis for relief under § 2255. As previously stated, failure to object does not establish a claim for ineffective assistance of counsel. *See Payne*, 99 F.3d at 1282. Furthermore, while Trevino-Morales couches his grievances as alleged errors by his counsel, the vast majority of his complaints dispute whether the evidence provided by the Government witnesses was credible and sufficient to sustain his conviction. But "sufficiency of the evidence claims are not cognizable on a collateral motion under [§] 2255." *Hutcherson v. United States*, No. 2:11-CV-0270, 2013 WL 5502543, at *20 (N.D. Tex. Oct. 3, 2013) (citing *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972)).

Particularly relevant here, Trevino-Morales already raised the issue of insufficient evidence on direct appeal, and the Fifth Circuit affirmed the evidence was sufficient to sustain his conviction. *See Cessa*, 785 F.3d at 180–81; *see also Forrester*, 456 F.2d. at 907 (noting sufficiency of the evidence contentions are properly raised on direct appeal). It is well settled in the Fifth Circuit that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Moreover, "[b]ecause decisions regarding cross-examination are strategic, they usually will not support an ineffective assistance claim." *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (citation and internal quotation marks omitted). In this case, the record demonstrates counsel for the Defendants, including counsel for Trevino-Morales, vigorously cross-examined the Government's

witnesses. Trenvino-Morales's counsel in particular repeatedly questioned witnesses on potential bias. See, e.g., Apr. 16, 2013 Tr. [#739] at 241:23–246:4; Apr. 17, 2013 Tr. [#740] at 10:24–11:18; Apr. 22, 2013 Tr. [#743] at 40:8–44:10. Whether Trevino-Morales's counsel should have asked precise questions or made specific objections is not for this Court to decide. Indeed, such an inquiry would be inappropriate under *Strickland*, which requires the Court to avoid "the distorting effects of hindsight." 466 U.S. at 689.

In conclusion, because Trevino-Morales has not shown his counsel's actions fell below an objective standard of reasonableness or such a deficiency prejudiced his defense, the Court DENIES Trevino-Morales's motion to vacate, set aside, or correct his sentence.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional

claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Trevino-Morales's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Therefore, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Jose Trevino-Morales's Motion for Leave to Conduct Discovery and to Have Attorney Appointed [#1069] is DENIED;

IT IS FURTHER ORDERED that Movant Jose Trevino-Morales's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#1056] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 26th day of April 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE